IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
18 JAN -5 PM 12: 50
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
       DEPUTY CLERK

| | |
|---|---|
| ANISHA H. ITUAH § | |
| By her Guardian, Angela McKay § | |
| Plaintiff § | |
| v. § | NO. **A18CV 011 RP** |
| § | |
| AUSTIN STATE HOSPITAL § | |
| Defendant § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ANISHA H. ITUAH complaining of AUSTIN STATE HOSPITAL, and files this her Original Complaint and Jury Demand and would respectfully show as follows:

## I. JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983; 28 U.S.C. § 1343(a)(3); 28 U.S.C. § 1331 28 U.S.C. § 1367; 29 U.S.C. § 794 and 42 U.S.C. §§ 12112, 12131–12150.

2. This Court has supplemental jurisdiction over State law claims discussed below under 28 U.S.C. § 1367 (a) because they arise out of the same case or controversy.

## II. VENUE

3. Venue is proper before this Court because the events and omissions giving rise to the Plaintiff's claims occurred in Travis County, in the Western District of Texas, Austin Division.

## III: PARTIES

4. At all times relevant to this action, Anisha H. Ituah, Plaintiff herein, living in

1

Austin, Texas was a patient at Austin State Hospital in Austin, Texas. Her permanent home address is 3201 Century Park Boulevard, Austin, Texas 78727.

5. Defendant Austin State Hospital (Hereinafter referred to as ASH) is a Texas governmental entity located at 4110 Guadalupe Street, Austin, Texas 78752. Defendant may be served with process through its Superintendent, Alan R. Isaacson, at the same address.

## IV. STATEMENT OF FACTS

6. Plaintiff is a disabled individual and a totally incapacitated individual subject to the Guardianship of Angela McKay pursuant to Order Appointing Permanent Guardian of the Person filed September 19, 2016 in No. C-1-PB-000048, Probate Court No. 1 of Travis County, Texas.

7. Plaintiff became a patient at Austin State Hospital on or about January 7, 2016.

8. Plaintiff was transferred from Seton Shoal Creek Hospital where she had been admitted on a temporary commitment on or about December 26, 2015.

9. Plaintiff was placed in an unsecured room which allowed easy access and entry by any patient admitted to the ASH.

10. Sometime during the night of January 7 or January 8, 2016 Plaintiff was physically and sexually assaulted by an individual she believed to be a fellow patient.

11. Plaintiff had been admitted to Seton Shoal Creek Hospital after an incident in which Plaintiff exited her sister's vehicle on a busy highway and was walking among traffic.

12. Defendant was on notice of this behavior and further was on notice that Plaintiff suffered or experienced borderline intellectual functioning and the following medical conditions, "intracranial hemorrhage (neonatal), HTN, headaches, normal pressure hydrocephalus, shunt litigation and seizure disorder."

13. Plaintiff reported the physical and sexual assault almost immediately.

14. Despite the report of the physical and sexual assault Plaintiff was advised by staff personnel to shower.

15. To the best of the knowledge of Plaintiff no investigation was conducted into the report of physical and sexual assault.

16.   Plaintiff was discharged from ASH on or about January 14, 2016.

## V. FIRST CAUSE OF ACTION – DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990, as amended ("ADA") AND SECTION 504 OF THE REHABILITATION ACT OF 1973 ("Section 504")

17.   The recitations contained in the Statement of Facts above are incorporated in this section as if repeated herein.

18.   Plaintiff is a protected disabled individual under The Americans with Disabilities Act, 42 U.S.C. § 12131-12150, where a disabled person is defined as an individual who has a physical or mental impairment that substantially limits one or more of the major life activities of an individual or who has a record of such an impairment, or an individual who is being regarded as having such an impairment.

19.   Defendants, through its agents and authorities, intentionally discriminated against Plaintiff in connection with established pattern of failure and/or refusal to adequately, train and supervise hospital personnel in the duties and responsibilities incumbent upon staff and personnel of a psychiatric hospital to protect disabled and vulnerable individuals such as Plaintiff herein from physical and sexual attacks such as that experienced by Plaintiff constitute deliberate indifference to the highly predictable consequences of the violation of constitutional rights including but not limited to the right to bodily integrity which result from the policy and practice of Defendant to not adequately train and/or supervise both the personnel and staff of ASH but also the patients of ASH who may be prone to commit physical and sexual assault such as that experienced by Plaintiff.

20.   The effect of Defendant's practices has been to deprive the Plaintiff of equal opportunity to be protected from unconstitutional invasions of her right to bodily integrity.

21.   At all material times, Plaintiff was and is still able to perform the essential function of a third year medical student[1].

22.   Plaintiff was discriminated against on the basis of having a disability. Defendant regarded plaintiff as having such an impairment and as a result failed to adequately

protect her right to bodily integrity while she was being held in a psychiatric facility.

23. Defendant's admission policies, procedures and practices intentionally exploited Plaintiff, an individual regarded as having a disability in order to discriminate against her.

24. Defendant's actions subjected Plaintiff to discrimination on the basis of a perceived disability such that it amounted to a denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of the treatment facility to which she had been involuntarily admitted.

25. Defendants are responsible for its policies, procedures, and practices thereby ensuring that Plaintiff and all individuals with disabilities have equal access to a medical services such as those provided at Defendant's facility.

26. ASH is the recipient of federal funds.

## DISCRIMINATION UNDER SECTION 504 OF THE REHABILITATION ACT OF 1973

27. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 and its implementing regulations require that each state that receives disbursements, including the state's political subdivisions such as a state mental health institution like Austin State Hospital, must ensure all patients with disabilities are given appropriate and necessary accommodations, pursuant to federal law and rules. To the degree that a policy or practice hinders honest consideration of a disabled students unique and individualized needs, and fails to accommodate that patient's disability and make necessary modifications, it violates Section 504.

28. Plaintiff is a "qualified individual with a disability," pursuant to Section 504, as defined in the rules and regulations promulgated thereunder.

29. In addition, Austin State Hospital is a, "public entity" as defined pursuant to Section 504, as defined in the rules and regulations promulgated thereunder.

30. Most importantly for Section 504 purposes the Defendant Austin State Hospital also receives federal financial assistance so as to be covered by the mandate of Section 504.

31. Moreover, the Defendant Austin State Hospital, affiliates and branches are facilities and their operation constitutes a program and services for Section 504 purposes.
32. Plaintiff asserts that because the Defendant Austin State Hospital failed to provide Plaintiff accommodations and modifications to the treatment environment so that she could be treated in a clean and humane environment in which she was protected from harm, have privacy with regard to personal needs, treatment with dignity and respect, free from mistreatment, abuse, neglect, exploitation as rights recognized and protected by the Patient's Bill of Rights such failures as noted above, have, together and separately, contributed to violating her rights under Section 504, federal rules and regulations promulgated pursuant thereto.
33. Such acts and omissions rise to the level of intentional discrimination under Section 504.
34. Plaintiff has been injured thereby.
35. As such, pursuant to Section 504 the Defendant Austin State Hospital is liable to Plaintiff for her damages.
36. Pursuant to Section 504 Plaintiff is entitled to an award of her attorney fees and costs incurred in bringing this action.

## VI: SECOND CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS – 42 U.S.C. SECTION 1983

37. Plaintiff repeats and incorporates all the allegations of this Complaint, as if fully set forth herein.
38. U.S.C § 1983 provides a private right of action for damages to individuals who are deprived of any rights, privileges or immunities protected by the Constitution or federal law by any person acting under the color of state law.
39. ASH has deprived Plaintiff of her rights, privileges or immunities protected by the Constitution and federal law.
40. Acts committed by ASH were the proximate cause of Plaintiff's injuries.
41. The Defendants have acted intentionally and with callous disregard for Plaintiff's clearly established constitutional rights.
42. As a direct and proximate cause of the Defendants' violation of Plaintiff's

constitutional rights, Plaintiff has suffered severe and substantial damages. These damages include diminished earnings capacity, lost career and business opportunities, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

43. Pursuant to 42 U.S.C. §1983, the Defendants are liable to Plaintiff for her damages.

44. Pursuant to 42.U.S.C. § 1988, Plaintiff is entitled to her attorney fees incurred in bringing this action.

## VII.  THIRD CAUSE OF ACTION
## CONSTITUIONAL CLAIMS PURSUANT TO THE FIRST AMENDMENT

45. Plaintiff repeats and incorporates all the allegations of this Complaint, as if fully set forth herein.

46. Plaintiff alleges that she has a right to redress grievances such as those entailed in her violation of her constitutional right to bodily integrity with Defendant pursuant to the First Amendment to the United States Constitution, and have that entity respond but that this entity failed to do so, and violated such rights thereunder.

47. Plaintiff suffered damages due to the acts and/or omissions of Defendant.

48. Defendant's actions were the proximate cause of Plaintiff's injuries.

## VIII.  FOURTH CAUSE OF ACTION
## CONSTITUIONAL CLAIMS PURSUANT TO THE FOURTEENTH AMENDMENT

49. Plaintiff repeats and incorporates all the allegations of this Complaint, as if fully set forth herein.

50. Plaintiff further and more specifically shows that Defendant failed to sufficiently train staff, in addressing the needs of a patient with a disability such as Plaintiff thereby violating her rights pursuant to the Fourteenth Amendment of the Constitution of the United States for which she seeks recovery pursuant to 42 U.S.C. 1983.

51. Such failures by Defendant were a moving force in the violation of the rights of Plaintiff, as contemplated by the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States for which he seeks recovery pursuant to 42

U.S.C. 1983.

52. Such failures by Defendant were a moving force in the violation of the rights of Plaintiff, as contemplated by the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States, as a class of one, for which he seeks recovery pursuant to 42 U.S.C. 1983.

53. Furthermore, during the relevant time period contemplated by this cause of action, the Defendant by and through their designees, did not follow both federal and state law, federal and state regulations, federal and state executive agency directives in regard to the treatment of a patient with disabilities like Plaintiff and such failure was a moving force in the injuries experienced.

54. During the relevant time period contemplated by this cause of action, the Defendant by and through its designees, had an actual policy, practice or custom of conscious and deliberate indifference to federal law, federal and state administrative directives, as well as its own policies and procedures in regard to the treatment and protection of patients with disabilities such as Plaintiff for which she seeks recovery pursuant to 42 U.S.C. 1983.

## IX. RATIFICATION

55. Defendant ratified the acts, omissions, customs and practices of its staff and personnel.

56. Defendant is responsible for the acts and omissions of staff and personnel who were responsible for the safety of Plaintiff.

## X. PROXIMATE CAUSE

57. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, jointly and severally, constitute a direct and proximate cause of the injuries and damages set forth herein.

## XI. DAMAGES

58. Plaintiff is entitled to damages in excess of the jurisdictional limits of this court to compensate Plaintiff for:
    a. Damages in an amount not exceeding the jurisdictional limits of this court for discriminating and denying to plaintiff her right to bodily integrity under the

      Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, the First and Fourteenth Amendments of the United States Constitution.

b. Lifetime economic damages caused by the violation of her protected right to bodily integrity.

c. Lifetime non-economic damages caused by the violation of her protected right to bodily integrity.

d. Recovery of attorney's fees and costs for the preparation and trial of this cause of action, and for its appeal if required, together with pre- and post-judgment interest, and court costs expended herein.

## XII. JURY DEMAND

59. Plaintiff herein demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant in the manner and particulars noted above, and

- in an amount sufficient to fully compensate Plaintiff for the elements of damages enumerated above, and judgment for damages,
- Declaratory judgment finding that Plaintiff's rights have been denied in violation of federal law;
- Compensatory damages incurred in the past, present and future;
- A finding that the conduct of Austin State Hospital has been in violation of federal law (discrimination based on disability);
- And for such other relief as this Court in law and in equity, deems just and proper.

      Respectfully submitted,

      *Angela McKay*

      Angela McKay,
      on behalf of Anisha Ituah
      3201 Century Park Blvd. Apt. 816
      Austin, TX 78727
      Ph: (512) 442-8833
          (512) 517-7294
      **Plaintiff Pro Se**